## MAHR et v SPRINGFIELD CONSERVANCY DISTRICT

Ohio Appeals, 2nd Dist, Clark Co

Decided Jan 22, 1932

*McGrew & Laybourne*, Springfield, for plaintiff in error.

J. B. Malone, Springfield, and Stewart L. Tatum, Springfield, for The Springfield Conservancy District.

To what extent this interpretation of the statute would provide for a liberal interpretation in the present case we need not determine. It is sufficient, however, to hold that to save the statute from infirmity and to make its general provisions in harmony, this liberal interpretation may be resorted to. In the present case the most important assessment is the one against the city of Springfield. It is assessed for the sum of $8,300,000. We think it was not contemplated that this large sum of money would be paid by the city of Springfield out of its general funds or general revenue. It must be contemplated that a large portion would be the subject of special assessments. It is claimed that this assessment against the city of Springfield is not subject to the remedies provided in the various sections for property owners. It is further claimed that whatever assessment is made against the city of Springfield should be held as legal in view of the provisions that such assessment may be for the purposes of the public health and other similar purposes. It is also the view of counsel for the Conservancy District that the act should be strictly interpreted as to the persons entitled to file objections and that in no place is the city as a corporation or entity entitled to object to this assessment and in no place under a strict interpretation of the act can the taxpayers of the city intervene to object to the assessment made against the city and to have the legality of that assessment tested.

Upon a careful consideration of this proposition we are of opinion that by a liberal interpretation of the act where neither the city nor any of its officers interfere or make a motion to reduce or set aside the assessment against the city that a body of its taxpayers should be permitted to make the question. We think this follows from the decision in **Miami County v Dayton, 92 Oh St, 215.** This case was one brought to test the constitutionality of the various provisions of the statute. The first proposition of the syllabus is:

"A statute that provides a rule of practice, a course of procedure or a method of review, is remedial in its nature and should be broadly and liberally interpreted to accomplish the purpose of its amendment."

It is also provided that,

"Said act contains abundant provisions which grant not only to the parties to the cause but to any one who may desire to

## BY THE COURT

Under §6828-74 GC of the Conservancy Act it is provided that,

"This act, §§6828-1 to 6828-79 GC, being necessary for securing the public health, safety, convenience or welfare, and being necessary for the prevention of great loss of life and for the security of public and private property from floods and other uncontrolled waters, it shall be liberally construed to effect the control and conservation and drainage of the waters of the state."

become a complainant or objector his 'day in court' and by reason thereof said act does not violate the 'due process' clause of the federal constitution. This includes the three-tenth mill levy of the act."

In addition to these quotations the opinion shows the liberal construction which should be placed upon its provisions. We think this doctrine of liberal construction would apply to the present case and give the taxpayers the right to have the regularity and legality of the assessment determined.

Our attention is called to the case of Ira Chase Koehne for the benefit of himself and numerous others having a common and general interest, Plaintiff in Error v The Miami Conservancy District, Defendant in Error. We have our opinion in that case, but in our view, the question presented in our court did not involve the right of the plaintiff in error to test the question of the validity of the assessment against the city of Dayton. The question was a technical one and determined merely the right of the plaintiff in error to prosecute the error case in the Court of Appeals. We have not examined the record in the Court of Common Pleas. It is possible that the plaintiff in error did not bring his suit to resist the assessment against the municipality or county within the time provided by statute. Whether he did so or not was a question for the Court of Common Pleas. That question was not presented to this court.

We are therefore of opinion that the judgment of the Court of Common Pleas sitting as a Conservancy Court, striking the petition of the plaintiff in error from the files should be reversed and the cause remanded to that court with instructions to hear and determine the objections of the petitioners to the assessment against the city of Springfield. Judgment reversed.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.